People v Anglade (2019 NY Slip Op 08854)





People v Anglade


2019 NY Slip Op 08854


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-07417
 (Ind. No. 9502/15)

[*1]The People of the State of New York, respondent,
v
James Anglade, appellant.


Janet E. Sabel, New York, NY (Susan Epstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (William Miller, J., at plea; Matthew Sciarrino, Jr., J., at sentence), imposed May 14, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264). The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights forfeited incident to a plea of guilty (see People v Ryerson, 172 AD3d 909; People v Torres, 168 AD3d 887). Furthermore, although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that the Supreme Court did not ascertain on the record whether the defendant had read the written waiver, discussed it with his attorney, or was even aware of its contents before signing it (see People v McTerrell, 174 AD3d 648; People v Israel, 172 AD3d 1405; People v Moncrieft, 168 AD3d 982, 985). Under these circumstances, the defendant's purported waiver of his right to appeal was invalid, and does not preclude appellate review of his excessive sentence claim (see People v Lopez, 6 NY3d 248, 255).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court